NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2018[*]
Decided July 30, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1283

| | |
|---|---|
| BONJOUR MACK, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| | |
| *v.* | No. 17 C 6908 |
| | |
| CHICAGO TRANSIT AUTHORITY, | John J. Tharp, Jr., |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

Bonjour Mack, a former bus driver who is visually impaired, alleges that the Chicago Transit Authority discriminated against her when it fired her without considering her for a position that does not require driving. The district court dismissed

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appellant's brief, an amicus brief, and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Mack's pro se complaint for failure to state a claim, reasoning that the Americans with Disabilities Act, 42 U.S.C. §§ 12101–213, never requires an employer to accommodate an employee's disability by placing her in a different position. That legal proposition is incorrect, so we vacate the judgment and remand for further proceedings.

We recount the allegations in Mack's amended complaint, and accept them as true for purposes of this appeal. *See Doermer v. Callen*, 847 F.3d 522, 526 (7th Cir. 2017). Six years after Mack began working for the CTA, she suffered an "emotional breakdown" and took a period of short-term disability leave. She tried to return to work the following year, but the CTA's medical department deemed her unfit to drive because of her "low blood pressure and several visual impairment." The CTA then placed her on inactive status.

After another year of inactivity, Mack received a letter notifying her that she could request a one-year extension of her inactive status—and thus avoid "administrative separation"—if in the next three months she produced evidence showing that her medical condition would permit her "to return to an active full-time permanent status." Mack responded with a doctor's report, diagnosing her with "progressive dystrophy of the retina" and opining that she "should not be a professional driver," though "[s]he may be able to work in another capacity as she does have functional vision in the right eye." The CTA rejected her request to extend her inactive status and ended her employment.

This litigation followed. In her original complaint, Mack alleged that the CTA discriminated against her because of her disability. She attached various documents to her complaint, including the doctor's report that she had submitted to the CTA. The district judge screened Mack's complaint, 28 U.S.C. § 1915(e)(2)(B)(ii), and concluded that she could not state a claim because (1) the doctor's report showed that her vision impairment prevented her from driving a bus, and (2) "there is no requirement to accommodate a disability by giving a disabled individual a new or different position." After giving Mack one opportunity to amend her complaint, the judge dismissed the suit with prejudice.

On appeal a disability-rights organization called Equip for Equality assists Mack as an amicus and correctly points out that—contrary to what the judge said—the Americans with Disabilities Act sometimes requires an employer to accommodate an employee's disability by reassigning them to a different position. In dismissing Mack's complaints, the judge cited *Gratzl v. Office of Chief Judges of 12th, 18th, 19th, and 22nd*

*Judicial Circuits*, 601 F.3d 674, 680 (7th Cir. 2010), for the proposition that "there is no requirement to accommodate a disability by giving a disabled individual a new or different position." But our holding in *Gratzl* was narrower: We held that an employer "need not create a new job or strip a current job of its principal duties to accommodate a disabled employee." *Id.* at 680. The Act *does* require employers to appoint disabled employees to vacant positions for which they are qualified if doing so is reasonable and "would not present an undue hardship" to the employer. *EEOC v. United Airlines, Inc.*, 693 F.3d 760, 761 (7th Cir. 2012); *see* 42 U.S.C. § 12111(9)(B) (defining "reasonable accommodation" to include "reassignment to a vacant position"); *Brown v. Milwaukee Bd. of Sch. Dir.*, 855 F.3d 818, 820 (7th Cir. 2017).

With the benefit of liberal construction, Mack's complaint seems to allege that the CTA could have accommodated her disability by transferring her to a vacant position. Although she will eventually face the burden of proving that the CTA had such positions available when it fired her, *see Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 482 (7th Cir. 2017), she has alleged enough to survive screening. That is especially true in light of her doctor's opinion that she "may be able to work" in a non-driving capacity.

We thus VACATE the judgment and REMAND for further proceedings.